**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1457**

BEATTIE I. BUTLER,

Plaintiff - Appellee,

v.

D. ASHLEY PENNINGTON, in his individual and official capacities,

Defendant - Appellant,

and

CHARLESTON COUNTY,

Defendant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Bruce H. Hendricks, District Judge. (2:15-cv-04455-BHH)

Submitted: February 27, 2020                    Decided: March 10, 2020
                      Amended: March 10, 2020

Before KING, THACKER, and HARRIS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Nancy B. Bloodgood, Lucy Clark Sanders, BLOODGOOD & SANDERS, LLC, Mount Pleasant, South Carolina; Caroline Wrenn Cleveland, Bob J. Conley, Emmanuel Joseph

Ferguson, CLEVELAND & CONLEY, LLC, Charleston, South Carolina, for Appellant. Shon Hopwood, Ann Marie Hopwood, LAW OFFICE OF SHON HOPWOOD, PLLC, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Beattie I. Butler, a former assistant public defender with the Charleston County ("the County") Public Defenders Office, brought this action against the County and D. Ashley Pennington, the Public Defender for the Ninth Circuit, individually and in his official capacity, raising several claims stemming from the termination of Butler's employment in 2014. Defendants moved for summary judgment on Butler's claims, which the district court granted in part and denied in part. Most relevant to this appeal, Pennington asserted that he was entitled to qualified immunity on Butler's claim that Pennington violated Butler's First Amendment rights, in violation of 42 U.S.C. § 1981 (2018), when Pennington restricted Butler's speech regarding possible prosecutorial misconduct and later terminated Butler's employment in retaliation for his protected speech. We affirm in part and dismiss in part.

Pennington purports to raise several issues on appeal, but we may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2018), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2018); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). Although an order rejecting a claim of qualified immunity is an appealable order at the summary judgment stage, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), immediate appealability of an order rejecting a government official's qualified immunity defense is appropriate only if the rejection rests on a purely legal determination that the facts do not establish a violation of a clearly established right, *Iko v. Shreve*, 535 F.3d 225, 234-36 (4th Cir. 2008). Thus, "if the appeal seeks to argue the insufficiency of the evidence to raise a genuine issue of material fact, [we] do[] not possess

3

jurisdiction under § 1291 to consider the claim." *Valladares v. Cordero*, 552 F.3d 384, 388 (4th Cir. 2009).

Limiting our review to whether the district court correctly determined it was clearly established during the relevant time period that Butler maintained a First Amendment right to report alleged prosecutorial misconduct, we agree with the district court that it was. *See Durham v. Jones*, 737 F.3d 291, 303-04 (4th Cir. 2013); *Andrew v. Clark*, 561 F.3d 261, 269 (4th Cir. 2009). We thus affirm the district court's order, in part. *See Butler v. Pennington*, No. 2:15-cv-04455-BHH (D.S.C. Apr. 16, 2019). We lack jurisdiction over the remainder of Pennington's appeal, which seeks to challenge the district court's determinations that genuine issues of material of fact existed as to whether Pennington was entitled to qualified immunity, and which the court determined were issues appropriate for resolution by a trier of fact.

Based on the foregoing, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4